IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TMP INTERNATIONAL, INC.; TODD MCFARLANE PRODUCTIONS, INC.; TODD MCFARLANE; AND TONY TWIST; | ) ) ) | |
| | ) | |
| Defendant-Counterclaimants, | ) | |
| | ) | |
| EMPLOYERS INSURANCE OF WAUSAU, | ) | |
| | ) | |
| Defendant. | ) | |
| TONY TWIST, | ) | Case No. 4:04cv668-RWS |
| | ) | |
| Cross-claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TMP INTERNATIONAL, INC.; TODD MCFARLANE PRODUCTIONS, INC.; TODD MCFARLANE; | ) ) ) | |
| | ) | |
| Cross-defendants. | ) | |
| TMP INTERNATIONAL, INC.; TODD MCFARLANE PRODUCTIONS, INC.; TODD MCFARLANE; AND TODD MCFARLANE ENTERTAINMENT, INC.; | ) ) ) ) | |
| | ) | |
| Third-party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS INSURANCE COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, and GENERAL STAR INDEMNITY COMPANY, | ) ) ) ) | |
| | ) | |
| Third-party Defendants. | ) | |

**GENERAL STAR INDEMNITY COMPANY'S ANSWER TO DEFENDANT
TONY TWIST'S AMENDED COUNTERCLAIM AND CROSS-CLAIMS**

Cross Defendant General Star Indemnity Company ("General Star"), by undersigned counsel, hereby submits its Answer to Defendant Tony Twist's Amended Counterclaim and Cross-claims ("Amended Counterclaim") and states:

General Allegations

1. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 1; and therefore denies same and demands strict proof thereof.

2. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 2; and therefore denies same and demands strict proof thereof.

3. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 3; and therefore denies same and demands strict proof thereof.

4. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 4; and therefore denies same and demands strict proof thereof.

5. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 5; and therefore denies same and demands strict proof thereof.

6. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 6; and therefore denies same and demands strict proof thereof.

7. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 7; and therefore denies same and demands strict proof thereof.

8. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 8; and therefore denies same and demands strict proof thereof.

9. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 9; and therefore denies same and demands strict proof thereof.

10. Admit.

11. General Star is without knowledge or information sufficient to admit or deny said allegations of paragraph 11; and therefore denies same and demands strict proof thereof.

**Jurisdiction and Venue**

12. General Star states that the allegations of paragraph 12 regarding subject matter and supplemental jurisdiction and the propriety of venue are legal conclusions to which no response is required. However, for purposes of this answer, General Star does not dispute that this Court has jurisdiction to entertain this action.

**Wausau Policy**

13. General Star states that the allegations contained in paragraph 13 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore denies same and demands strict proof thereof.

14. General Star states that the allegations contained in paragraph 14 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore denies same and demands strict proof thereof.

**Citizens and Hanover Policies**

15. General Star states that the allegations contained in paragraph 15 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 and therefore denies same and demands strict proof thereof.

16. General Star states that the allegations contained in paragraph 16 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 16 and therefore denies same and demands strict proof thereof.

17. General Star states that the allegations contained in paragraph 17 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star

3

is without sufficient knowledge or information to admit or deny the allegations in paragraph 17 and therefore denies same and demands strict proof thereof.

18. General Star states that the allegations contained in paragraph 18 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore denies same and demands strict proof thereof.

[17.] (2nd paragraph 17 in Amended Counterclaim). General Star states that the allegations contained in this 2nd paragraph 17 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in this 2nd paragraph 17 and therefore denies same and demands strict proof thereof.

[18.] (2nd paragraph 18 in Amended Counterclaim). General Star states that the allegations contained in this 2nd paragraph 18 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in this second paragraph 18 and therefore denies same and demands strict proof thereof.

19. General Star states that the allegations contained in paragraph 19 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore denies same and demands strict proof thereof.

20. General Star states that the allegations contained in paragraph 20 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 and therefore denies same and demands strict proof thereof.

21. General Star states that the allegations contained in paragraph 21 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star

is without sufficient knowledge or information to admit or deny the allegations in paragraph 21 and therefore denies same and demands strict proof thereof.

22. General Star states that the allegations contained in paragraph 22 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 22 and therefore denies same and demands strict proof thereof.

23. General Star states that the allegations contained in paragraph 23 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 23 and therefore denies same and demands strict proof thereof.

24. General Star states that the allegations contained in paragraph 24 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 24 and therefore denies same and demands strict proof thereof.

**The Travelers Policy**

25. General Star states that the allegations contained in paragraph 25 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 25 and therefore denies same and demands strict proof thereof.

26. General Star states that the allegations contained in paragraph 26 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 26 and therefore denies same and demands strict proof thereof.

27. General Star states that the allegations contained in paragraph 27 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star

is without sufficient knowledge or information to admit or deny the allegations in paragraph 27 and therefore denies same and demands strict proof thereof.

28. General Star states that the allegations contained in paragraph 28 are not directed at General Star and therefore no response is required. However, to the extent a response is required General Star is without sufficient knowledge or information to admit or deny the allegations in paragraph 28 and therefore denies same and demands strict proof thereof.

**The General Star Policies**

29. General Star admits that it provided commercial general liability insurance to the Named Insureds listed in each of the following policies: Policy No. IYG – 358508 (Policy Period: 6/1/1998 – 5/1/1999); Policy No. IYG – 358508A (Policy Period: 5/1/1999 – 5/1/2000); and Policy No. IYG – 358508B (Policy Period: 5/1/2000 – 5/1/2001). General Star denies that it provided coverage to all of the "McFarlane Defendants" as noted in the allegations in paragraph 29 of the Amended Counterclaim. General Star denies the remaining allegations in paragraph 29 of the Amended Counterclaim.

30. The allegation that Todd McFarlane Productions, Inc., Todd McFarlane Entertainment, Inc. and Mr. McFarlane are "insureds" under the described policies is a legal conclusion to which no response is required. However, to the extent that a response is required, General Star denies same and states that the Policies speak for themselves.

31. Admit.

32. The allegation that Todd McFarlane Productions, Inc., Todd McFarlane Entertainment, Inc. and Mr. McFarlane are "insureds" under the described policies is a legal conclusion to which no response is required. However, to the extent that a response is required, General Star denies same and states that the Policies speak for themselves.

33. General Star admits that the Cross-Claimant has quoted excerpts from the described policy but that said policy excerpts do not constitute a complete quote of policy language, and General Star further states that the subject policy contains other relevant and necessary language and that the

policy speaks for itself. General Star denies any allegations in paragraph 33 which are inconsistent with the Multimedia Policy.

34. There is no paragraph 34 in the Amended Counterclaim; therefore, no response is needed.

35. There is no paragraph 35 in the Amended Counterclaim; therefore, no response is needed.

36. There is no paragraph 36 in the Amended Counterclaim; therefore, no response is needed.

37. There is no paragraph 37 in the Amended Counterclaim; therefore, no response is needed.

38. General Star denies that it provided umbrella coverage to all of the McFarlane Defendants. General Star admits that it provided umbrella coverage from May 1, 1994 through May 1, 2002 to those listed as Named Insureds on the Umbrella Policies. General Star further states that the Umbrella Policies speak for themselves regarding the applicable underlying insurers and, therefore, denies any allegations in paragraph 38 which are inconsistent with the Umbrella Policies.

39. Admit.

40. The allegation that Todd McFarlane Productions, Inc., Todd McFarlane Entertainment, Inc. and Mr. McFarlane are "insureds" under Policy No. IUG-322423, Policy No. IUG-322423A, Policy No. IUG-322423B, Policy No. IUG-322423C, Policy No. IUG-322423D, Policy No. IUG-322423E, Policy No. IUG-322423F, and Policy No. IUG-322423G is a legal conclusion to which no response is required. However, to the extent that a response is required, General Star denies same and states that the Umbrella Policies speak for themselves.

41. General Star admits that Coverage B of the General Star Umbrella Policy covers "personal injury" and "advertising injury" as defined in Section VI of the Umbrella Policy, and subject to the remaining terms, conditions, exclusions and endorsements of the Umbrella Policies, which speak for themselves.

42. General Star admits that the Cross Claimant has quoted excerpts from the described policy but that said policy excerpts do not constitute a complete quote of policy language, and General Star further states that the subject policy contains other relevant and necessary language and that the

7

policy speaks for itself. General Star denies any allegations in paragraph 42 which are inconsistent with the Umbrella Policy.

43. Admit.

44. Admit.

45. The allegation that Todd McFarlane Productions, Inc., Todd McFarlane Entertainment, Inc. and Mr. McFarlane are "insureds" under Policy No. IYG-322225, Policy No. IYG-322225A, Policy No. IYG-322225B, and Policy No. IYG-322225C is a legal conclusion to which no response is required. However, to the extent that a response is required, General Star denies same and states that the Policies speak for themselves.

**THE UNDERLYING LAWSUIT**

46. Admit.

47. The Underlying Lawsuit Petition speaks for itself. General Star denies the allegations in paragraph 47 that are inconsistent with the Petition filed in the Underlying Lawsuit.

48. Upon information and belief, General Star admits the allegations of paragraph 48.

49. Upon information and belief, General Star admits the allegations of the first sentence of paragraph 49. General Star states that the second sentence of paragraph 49 is a legal conclusion to which no response is required. However, to the extent that a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

50. General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 50, and therefore denies same and demands strict proof thereof.

51. General Star states that the allegations in paragraph 51 are legal conclusions to which no response is required. However, to the extent that a response is required, General Star denies that the allegations and claims asserted against the McFarlane Defendants in the original Petition (and in the Amended Petition, in the subsequent amendments to the petition, and adduced at trial), as described, fall within coverage provided by the General Star Multimedia Policy and the General

8

Star Umbrella Policy. General Star states that the allegations regarding the Wausau Policy, Citizens Policy, and Hanover Policy are not directed at General Star and, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

52. General Star states that the allegations in paragraph 52 are legal conclusions to which no response is required. However, to the extent that a response is required, General Star denies that five of the claims alleged – namely, libel, violation of right of publicity, unjust enrichment, civil conspiracy, and injunctive relief – fall within the definition of "advertising injury" and "personal injury" contained in the General Star Umbrella Policy and denies they arose out of oral and written publication of material that occurred during General Star's Umbrella Policy period. General Star states that the allegations regarding the Citizens and Hanover Policies, and the Travelers Policy are not directed at General Star and, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

53. General Star states that the allegations in paragraph 53 are legal conclusions to which no response is required. However, to the extent that a response is required, General Star denies that all of the claims asserted by the plaintiff arose out of a) some form of defamation or other tort related to disparagement or harm to the character, reputation, or feelings of the plaintiff, or b) some form of invasion, infringement, or interference with rights of privacy or publicity; and General Star denies that the claims asserted by plaintiff were committed in the utterance or dissemination of covered matter arising out of an occurrence during the various policy terms as required by the General Star Multimedia Policy. General Star states that the allegations regarding the Wausau Policy are not directed at General Star and, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

54. General Star states that the allegations in paragraph 54 are legal conclusions to which no response is required. However, to the extent that a response is required, General Star denies that the alleged claims did not fall within any exclusion in the General Star Umbrella Policy or the General Star Multimedia Policy. General Star states that the allegations regarding the Wausau Policy, Citizens Policy, Hanover Policy, and the Travelers Policy are not directed at General Star and, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

55. General Star states that the allegations in paragraph 55 are legal conclusions to which no response is required. However, to the extent that a response is required, General Star denies that the plaintiff asserted separate offenses of oral and written publications that were first published during the policy period covered by the General Star Umbrella Policy or the General Star Multimedia Policy. General Star states that the allegations regarding the Wausau Policy, the Citizens Policy, the Hanover Policy and the Travelers Policy are not directed at General Star and, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

56. Denied.

Count I – Declaratory Judgment - Wausau

57. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 56.

58. General Star states that the allegations in paragraph 58 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 58, and therefore denies same and demands strict proof thereof.

59. General Star states that the allegations in paragraph 59 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 59, and therefore denies same and demands strict proof thereof.

60. General Star states that the allegations in paragraph 60 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 60, and therefore denies same and demands strict proof thereof.

Count II – Statutory Action under V.A.M.S. §379.200 - Wausau

61. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 60.

62. General Star states that the allegations in paragraph 62 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 62, and therefore denies same and demands strict proof thereof.

63. General Star states that the allegations in paragraph 63 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 63, and therefore denies same and demands strict proof thereof.

Count III – Declaratory Judgment - Citizens

64. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 63.

65. General Star states that the allegations in paragraph 65 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 65, and therefore denies same and demands strict proof thereof.

66. General Star states that the allegations in paragraph 66 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 66, and therefore denies same and demands strict proof thereof.

67. General Star states that the allegations in paragraph 67 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 67, and therefore denies same and demands strict proof thereof.

Count IV - Statutory Action under V.A.M.S. §379.200 - Citizens

68. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 67.

69. General Star states that the allegations in paragraph 69 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 69, and therefore denies same and demands strict proof thereof.

70. General Star states that the allegations in paragraph 70 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 70, and therefore denies same and demands strict proof thereof.

Count V – Declaratory Judgment - Hanover

71. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 70.

72. General Star states that the allegations in paragraph 72 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 72, and therefore denies same and demands strict proof thereof.

73. General Star states that the allegations in paragraph 73 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 73, and therefore denies same and demands strict proof thereof.

74. General Star states that the allegations in paragraph 74 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 74, and therefore denies same and demands strict proof thereof.

Count VI - Statutory Action under V.A.M.S. §379.200 - Hanover

75. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 74.

76. General Star states that the allegations in paragraph 76 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 76, and therefore denies same and demands strict proof thereof.

77. General Star states that the allegations in paragraph 77 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 77, and therefore denies same and demands strict proof thereof.

Count VII – Declaratory Judgment - Travelers

78. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 77.

79. General Star states that the allegations in paragraph 79 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 79, and therefore denies same and demands strict proof thereof.

80. General Star states that the allegations in paragraph 80 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 80, and therefore denies same and demands strict proof thereof.

81. General Star states that the allegations in paragraph 81 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 81, and therefore denies same and demands strict proof thereof.

Count VIII - Statutory Action under V.A.M.S. §379.200 - Travelers

82. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 81.

83. General Star states that the allegations in paragraph 83 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 83, and therefore denies same and demands strict proof thereof.

84. General Star states that the allegations in paragraph 84 are not directed at General Star and that they are legal conclusions, therefore, no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the allegations of paragraph 84, and therefore denies same and demands strict proof thereof.

Count IX – Declaratory Judgment – General Star

85. General Star restates, and incorporates herein by this reference, its answer to each and every allegation and statement made in paragraphs 1 – 84.

86. General Star states that the allegations are legal conclusions to which no response is required. However, to the extent a response is required, General Star is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 86, and therefore denies same and demands strict proof thereof.

87. General Star states that the allegations are legal conclusions to which no response is required. However, to the extent a response is required, General Star denies the allegations in paragraph 87.

88. General Star admits that a judgment has been entered in favor of Tony Twist in the Underlying Lawsuit, and that said judgment is now on appeal. General Star also admits that, subsequent to the filing of the original complaint herein, a demand was made to General Star, and that such demand has been denied. General Star states that the remaining allegations are legal conclusions, to which no response is required. However, to the extent that a response is required, General Star denies the allegations in paragraph 88.

Count X - Statutory Action under V.A.M.S. §379.200 – General Star

89. General Star has filed a Motion to Dismiss this count.

90. General Star has filed a Motion to Dismiss this count.

91. General Star has filed a Motion to Dismiss this count.

## AFFIRMATIVE DEFENSES

Answering further, General Star asserts the following affirmative defenses to the claims asserted by Tony Twist:

1. There is no coverage under the Excess Liability Policy or the Umbrella Liability Policies issued prior to 1998 because Twist has filed a Dismissal of Cross Appeal against TMP International, Inc. and Todd McFarlane Entertainment, Inc. Thus, there are no longer any Named Insureds under said Excess Liability Policy or the Umbrella Liability Policies issued prior to 1998 that are parties to the Underlying Lawsuit.

2. There is no coverage under the General Star Multimedia Liability Policy or the General Star Umbrella Liability Policy for Todd McFarlane, individually, because he does not qualify as an insured thereunder.

3. The complaint does not seek damages for "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined by the General Star Umbrella Policy or the General Star Excess Policy.

15


4. The Underlying Lawsuit does not seek damages for "advertising injury" committed in the course of advertising the named insured's goods, products, or services.

5. General Star denies any and all liability, but to the extent that General Star is found liable for any amounts in defense and/or indemnity to the McFarlane Defendants, General Star's liability for defense and/or indemnity is limited by the terms, conditions, and limitations contained in the subject policies, including, but not limited to, the Limits of Liability provisions set forth in the subject policies, the notice and cooperation provisions, the exclusions, and the "Other Insurance" provisions.

6. The Amended Counterclaim fails to state a claim upon which relief may be granted.

7. The Amended Counterclaim is barred by laches.

8. The Amended Counterclaim is barred by unclean hands.

9. The Amended Counterclaim is barred by estoppel, equitable estoppel and estoppel *in pais*.

10. The Amended Counterclaim is barred because there is no coverage for the claims on which a judgment was entered in the Underlying Lawsuit.

11. The Amended Counterclaim is barred because the acts of the Third-party Plaintiffs which gave rise to these claims, first occurred outside the coverage period of the insurance policies issued by General Star.

12. The Amended Counterclaim is barred because the judgment in the Underlying Lawsuit is not final.

13. The Amended Counterclaim is barred by reason of the failure to comply with conditions precedent to coverage under some or all of the General Star Policies, including, but not limited to, those relating to the obligation of insureds thereunder to provide notice to, and cooperate with, General Star in connection with matters allegedly covered under the Policies.

14. The Amended Counterclaim is barred by reason of the fact that one or more exclusions under some or all of the General Star Policies preclude coverage thereunder for the Underlying Lawsuit.

16

15. The Amended Counterclaim is barred by reason of the fact that Twist has no rights under any of the General Star Policies, and furthermore, has no standing to bring this action against General Star under the terms, conditions, and limitations of said Policies.

16. The Amended Counterclaim is barred by reason of the fact that the matters described therein are not ripe for adjudication under the Declaratory Judgment Act or otherwise.

17. The Amended Counterclaim is barred by reason of the fact that there is no present controversy between the parties suitable for adjudication.

18. The Amended Counterclaim is barred by reason of all of the facts, allegations, defenses and other matters raised in General Star Indemnity Company's Motion to Dismiss Counts V, VI and VII of Defendants' First Amended Counterclaim and Third-party Complaint and accompanying Memorandum of Law in Support thereof filed herein.

19. The Amended Counterclaim is barred by reason of all of the facts, allegations, defenses and other matters raised in General Star Indemnity Company's Motion to Dismiss Count X of Defendant Tony Twist's Amended Counterclaim and Cross-Claims and accompanying Memorandum of Law in Support thereof filed herein.

20. The Amended Counterclaim is barred by reason of the fact that the Underlying Lawsuit fails to fall within the insuring agreement of some or all of the General Star Policies, and that coverage is, therefore, not triggered under any of said Policies.

21. The Amended Counterclaim is barred by reason of the fact that any parties to the Underlying Lawsuit that qualify as insureds under any of the General Star Policies have been provided a defense to the Underlying Lawsuit by one or more of the insurers named as parties in this action.

22. The Amended Counterclaim is barred by reason of the fact that no "occurrence", as defined under one or more of the General Star Policies, took place during the relevant time period, or otherwise gives rise to covered liability, loss, injury or damage in the Underlying Lawsuit.

WHEREFORE, having answered the Amended Counterclaim, General Star, prays this Court to dismiss the Amended Counterclaim with prejudice, rule in favor of General Star, assess costs on the Amended Counterclaim against the Third-party Plaintiffs and for all other just and appropriate relief.

Respectfully submitted,

B. Gerard Cordelli
The Coverage Law Firm PLLC
1629 K Street, NW
Suite 802
Washington, DC 20016 – 1637
202.785.4134
202.785.0820 - facsimile
bgcordelli@thecoveragelawfirm.com

Co-Counsel for General Star Indemnity Co.

Anthony Martin
Stephen Murphy
Sandberg, Phoenix & von Gontard
One City Centre, Suite 1500
St. Louis, MO 63101

Co-Counsel for General Star Indemnity Co.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2\_, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing systems upon the following:

Michael A. Kahn
Geoffrey G. Gerber
Blackwell Sanders Peper Martin, LLP
720 Olive, Suite 2400
Saint Louis, MO 63101
*Attorneys for TMP International, Inc.; Todd McFarlane Productions, Inc.; Todd McFarlane Entertainment Inc.; and Todd McFarlane*

John D. Briggs
Russell F. Watters
Steven H. Schwartz
Brown & James, P.C.
1010 Market Street, 20th Floor
St. Louis, MO 63101
*Attorneys for Plaintiff the Hanover Insurance Company*

Robert D. Blitz
R. Thomas Avery
Christopher O. Bauman
Ellen W. Dunne
Blitz, Bardgett & Deutsch, L.C.
120 South Central Ave., Suite 1650
St. Louis, MO 63105
*Attorneys for Defendant-Counterclaimant Tony Twist*

James Holloran
Holloran & Stewart
1010 Market Street, Suite 1650
St. Louis, MO 63101
*Attorneys for Defendant-Counterclaimant Tony Twist*

Stacy R. Goldscher
James J.S. Holmes
Sedgwick and Detert, L.L.P.
801 S. Figeuroa Street
18th Floor
Los Angeles, CA 90017
*Attorneys for Defendant Employers Insurance of Wausau*

Kurtis B. Reeg
Reeg and Nowogrocki
120 S. Central Avenue
Suite 750
St. Louis, MO 63105
*Attorneys for The Travelers Indemnity Insurance Company of America*

19